## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-CV-00793 JLK

RIGHTHAVEN, LLC,

        Plaintiff,

v.

NEIL A. ROSEKRANS, an Individual

        Defendant

---

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

COMES NOW Defendant, Neil A. Rosekrans by limited and special appearance and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and submits this Brief in Support of his Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion"), and respectfully shows this Honorable Court as follows:

### I. INTRODUCTION AND STATEMENT OF FACTS

**A.   Introduction.**

The Motion should be granted and this action should be dismissed for lack of personal jurisdiction. This case is one of many which the Plaintiff has recently filed in this Court. Plaintiff's serial filings are part of its concocted business scheme of using copyright law and the federal judicial system to attempt to coerce settlements from unwitting alleged infringers of Internet content in which the Plaintiff purportedly owns copyrights. Under the misguided and mistaken belief that all alleged infringers must answer its purported claims in the jurisdiction it chooses, Plaintiff has literally "set up shop" in the Clerk's office and has been filing numerous

lawsuits against alleged infringers, without regard for the alleged infringer's contacts with the forum. In doing so, in many of the cases it has filed, Plaintiff is brashly attempting to stretch the reach of due process far beyond its constitutional limits. This is one such case.[1]

**B.     Mr. Rosekrans**

Mr. Rosekrans operates the website StateBrief.com. [Declaration of Neil A. Rosekrans ("Rosekrans Dec."), at ¶ 2].[2] The website is operated as a for profit corporation. However, income is generated solely by advertising sold and displayed by third-party advertising aggregators. [Id. at ¶2]. The total income received by the website was $162.00 for fiscal year 2010. [Id. at ¶2]. Users of the website do not interact with or exchange information with the site in the process of viewing stories like the one at issue in this case. [Id. at ¶2]. There are no contracts created with the users and no repeated transmission of computer files. The website simply displays stories created by individual authors associated with the website. Those stories are viewable to users browsing the StateBrief.com website. The site does little more than make information available to people who are interested in it. [Id. at ¶2].

**C.     StateBrief.com**

The StateBrief.com website is a news aggregation and opinion blog. News stories from other websites are linked from the site's homepage and the content is refreshed daily. [Id. at ¶5]. There is also an editorial section on StateBrief.com that includes opinion pieces contributed by authors that are not paid and are not members or managers of StateBrief.com. All content is provided without cost to the public. [Id. at ¶5].

---

[1] As of February 14, 2011, this case was one of 32 separately filed cases by Plaintiff. See, Minute Order of the Honorable Judge Kane, February 14, 2011.
[2] Mr. Rosekrans' Declaration is attached as Exhibit "A".

Mr. Rosekrans works together with a partner, both of whom work pro-bono for the website, generate the content or material which visitors view on stateBrief.com. [Id. at ¶6]. Mr. Rosekrans or his partner selects photographs to illustrate the stories. These are selected from Google Images. [Id. at ¶6].

The website is hosted on a computer server with Dreamhost, Inc. whose corporate headquarters is at PMB #257, 417 Associated Rd., Brea, CA 92821. [Id. at ¶3]. It has never been housed or hosted in Colorado. [Id. at ¶3]. More importantly, Mr. Rosekrans maintains the website from his home in Scottsdale, AZ. [Id. at ¶4]. He has never maintained the website from within Colorado. [Id. at ¶4].

The website is not aimed at or directed to Colorado residents. [Id. at ¶9]. Mr. Rosekrans, has never provided any goods or services to any person or entity in Colorado. [Id. at ¶9]. In addition, the StateBrief.com website has never transacted, advertised or solicited any business in Colorado nor has it ever derived any revenue directly from Colorado. [Id. at ¶9].

**D.**     **The Photograph Giving Rise to this Lawsuit Unwittingly Appears on StateBrief.com**

Plaintiff asserts Mr. Rosekrans must defend this action in Colorado. The image of the photograph became viewable to users browsing the StateBrief website in association with an editorial story about enhanced TSA searches at airports. The image at issue in this matter originated from a Google Images search. [Id. at ¶7]. Mr. Rosekrans was looking for a photograph to illustrate this recent editorial he wrote concerning TSA policy. He went on to Google Images and found numerous copies of the same photo listed on the first few pages. [Id. at ¶7]. He looked for copyright notification on the one he used and found none. [Id. at ¶7]. There were no copyright notices associated with the photograph selected. [Id. at ¶7].

The utilized photo contained no watermarks, copyright identification, or any other identifying marks that could possibly tie the image to Denver, CO, Righthaven, the Denver post or Media News Group, Inc. [Id. at ¶8]. To Mr. Rosekrans' knowledge, the image had no connection with Colorado or Denver as it was not derived from a news site, a commercial site or the Denver Post. [Id. at ¶8]. Nor was it referenced as associated with the Denver Post, Denver, CO, or Righthaven. [Id. at ¶8]. To the best of Mr. Rosekrans' knowledge, he innocently stumbled upon an unattributed copy of the photo on a site apart from the Denver Post. [Id. at ¶8]. In addition, he did not view any other site that contained the photo with an appropriate attribution to the Denver Post or Righthaven. [Id. at ¶8].

### E.     Mr. Rosekrans' Lack of Related or Unrelated Contacts with the Forum

In consideration of the foregoing, Mr. Rosekrans has no direct contacts with Colorado relating to Plaintiff's claim. Mr. Rosekrans also lacks general contacts with Colorado. [Id., at ¶ 9]. The lone, highly attenuated contact which Mr. Rosekrans had with Colorado in relation to this lawsuit is the fact that a photograph allegedly emanating from Colorado may have been viewable to visitors to his website, only after that same photograph appeared on several other websites. [Id. at ¶¶7, 8]. This is thus not an instance where Mr. Rosekrans or StateBrief.com accessed the Denver Post's website and secured the allegedly infringing photograph. [Id. at ¶ 8].[3]

Moreover, Mr. Rosekrans has never resided in Colorado and does not own and has never owned property in Colorado. [Id. at ¶9]. Neither he nor the StateBrief.com website maintains

---

[3] Notably, the words "Denver Post" do not appear on the photograph, and there is nothing in the photograph bearing any connection to Colorado. [Exhibits 1 and 2 to the Complaint]. It thus would have been entirely impossible for anyone, including Mr. Rosekrans to know that this photograph has any link whatsoever to Colorado (or that the photograph's automated appearance on the StateBrief.com website would subject Mr. Rosekrans to a lawsuit in Colorado).

4

any offices, statutory agents, telephone listings, mailing addresses, bank accounts, or licenses in Colorado. [Id. at ¶9]. In sum, neither Mr. Rosekrans nor the StateBrief.com website purposefully availed themselves of the benefits and privileges of Colorado, and neither Mr. Rosekrans nor the StateBrief.com website expressly aimed or purposefully directed any activities into Colorado. [Id. at ¶9].

Not surprisingly, under well-settled case law, the exercise of jurisdiction over Mr. Rosekrans under these circumstances would grossly violate due process. Accordingly, this case should be dismissed for lack of personal jurisdiction.

## II.  ARGUMENT AND CITATIONS OF AUTHORITY

### A.  Plaintiff Must Show That The Exercise of Jurisdiction Over Mr. Rosekrans Would Comport With Due Process.

This lawsuit involves the dispute over a photograph ("photo"), allegedly first published on *The Denver Post's* website (www.denverpost.com). Righthaven alleges that Mr. Rosekrans violated its "exclusive rights" and "willfully engaged in copyright infringement" by reproducing this photo, entitled "TSA agent persons enhanced pat-downs," on its website. *See* Compl. ¶ 14. Righthaven has asserted that Colorado is the appropriate jurisdiction and venue for this action. *See* Compl. ¶ 7 - 22.

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions and claims where the Court lacks personal jurisdiction over a non-resident defendant. To establish personal jurisdiction over a non-resident defendant based on either a federal statute that does not authorize nationwide service of process or diversity of citizenship, a court must make a

two-step inquiry.[4]  First, the defendant must be amenable to service of process under the forum state's long-arm statute.  Peay, et al., v. BellSouth Medical Assistance Plan, et al., 205 F.3d 1206, 1209 (10th Cir. 2000); Allison v. Wise, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007).  A non-resident defendant is subject to service and long-arm jurisdiction only if a federal statute provides for such, or if a forum state's long arm statute subjects the resident to the jurisdiction of the Court.  See Fed R. Civ. P., Rule 4(k).  Second, the exercise of jurisdiction must comport with due process.  National Business Brokers, Ltd., v. Jim Williamson Productions, Inc., 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000).  Because Colorado's long-arm statute extends personal jurisdiction within Colorado as far as the federal constitutional requirements of due process permit, the analysis collapses into a single examination of whether the requirements of due process are satisfied.  Allison, 621 F. Supp. 2d at 1117 (citing Keefe v. Kirschenbaum & Kirschenbaum, P.C., 40 P.3d 1267, 1270 (Colo. 2002)).

      1.      **The Constitutional Requirements of Due Process**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-2 (1985) (quoting Int'l. Shoe Co. v. Washington, 326 U.S. 310 319 (1945)).  "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign' … [cit. omitted] …, the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  Id. at 472 (quoting World-

---

[4] The Copyright Act does not provide for nationwide service of process. See Fort Knox Music, Inc. v. Baptists, 203 F.3d 193, 196 (2nd Cir. 2000).

Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). For jurisdictional purposes, due process consists of two elements.

      a.    Plaintiff Must Show Mr. Rosekrans Has Sufficient Minimal Contacts with Colorado

First, Mr. Rosekrans must have sufficient "minimum contacts" with the forum state. Int'l. Shoe, 326 U.S. at 316; Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996). Such "minimum contacts" may be analyzed in terms of general or specific jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996).

For Mr. Rosekrans to be subject to *general* jurisdiction, he must have "continuous and systematic" contacts with the forum state. Helicopteros, 466 U.S. at 416 (emphasis added). "Where a forum seeks to assert *specific* jurisdiction over an out-of-state defendant who has not consented to suit there, [the] 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, … [cit. omitted] …, and the litigation results from alleged injuries that 'arise out of or relate to those activities, ….'" Burger King Corp., 471 U.S. at 472-3 (quoting Helicopteros, 466 U.S. at 414). "[T]he constitutional touchstone remains whether the defendant *purposefully* established 'minimum contacts' in the forum State." Id., at 474 (citing Int'l. Shoe, 326 U.S. at 316) (emphasis added). "Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." Id. at 475 (citing World-Wide Volkswagen, 444 U.S. at 295). Rather, "the foreseeability that is critical to due process analysis … is that the defendant's conduct and connection with the forum

7

State are such that he should reasonably anticipate being haled into court there." Id. (quoting World-Wide Volkswagen, 444 U.S. at 297).

Thus, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros, 466 U.S. at 416 (finding that acceptance of checks drawn on a Texas bank is of "negligible significance" for purposes of determining sufficiency of contacts with Texas). Rather, "… it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Accordingly, "[j]urisdiction is proper, … , where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." Burger King Corp., 471 U.S. at 475 (emphasis in original) (citing McGee v. Int'l. Life Ins. Co., 355 U.S. 220, 223 (1957)).

      b.    The Exercise of Jurisdiction over Mr. Rosekrans Must Also Comport with Fair Play and Substantial Justice

If sufficient minimum contacts exist, the second element of the due process inquiry still requires that the Court determine whether the exercise of personal jurisdiction over Mr. Rosekrans would comport with "fair play and substantial justice." Int'l Shoe, 326 U.S. at 316. That is, the Court must determine whether assuming personal jurisdiction over the defendant is "reasonable" in light of the circumstances surrounding the case. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). Factors to be considered include "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial

8

system's interest in obtaining the most efficient resolution of controversy, and the shared interest of the states in furthering fundamental social policies." World-Wide Volkswagen, 444 U.S. at 292.

### 2. Plaintiff's Burden of Proving Due Process Requirements are not Satisfied.

Plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. Soma Med. Int'l v. Std. Chtd. Bank, 196 F.3d 1292, 1295 (10th Cir. 1999); Behagen v. Amateur Basketball Assoc., 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). The allegations in Plaintiff's Complaint are taken as true unless contradicted by evidence submitted by Mr. Rosekrans. Behagen, 744 F.2d at 733. "[I]f the jurisdictional allegations are challenged by an appropriate pleading," Plaintiff must "support [the] jurisdictional allegations in [its] complaint by competent proof of the supporting facts." Pytlik v. Professional Resources, Ltd, 887 F.2d 1371, 1376 (10th Cir. 1989).

## B. The Court Should Dismiss the Complaint For Lack of Personal Jurisdiction

### 1. There Is No Basis for the Court to Exercise General Jurisdiction

General jurisdiction is only proper when the defendant has "continuous and systematic" contacts with the forum. Helicopteros, 466 U.S. at 416. Mr. Rosekrans is not subject to general jurisdiction in Colorado, and Plaintiff has not even alleged that Mr. Rosekrans has systematic contacts with Colorado sufficient to support a finding of general jurisdiction.

Mr. Rosekrans resides in Arizona. [Rosekrans Dec., at ¶¶1, 2]. He is the sole owner of the website StateBrief.com. [Id., at ¶ 2]. The website is housed on a computer server in California. [Id., at ¶ 3]. Mr. Rosekrans maintains the website from his residence in Arizona. [Id., at ¶ 4]. He has never maintained the website from within Colorado. [Id.].

Mr. Rosekrans does not reside in and has never resided in, or engaged in business in Colorado, and neither owns nor has owned property in Colorado. [Id., at ¶ 9]. Neither he nor StateBrief.com maintain any offices, statutory agents, telephone listings, mailing addresses, bank accounts, or licenses in Colorado. [Id.]. The website is not aimed at or directed to Colorado residents. [Id.]. Mr. Rosekrans and StateBrief.com have never provided any goods or services to any person or entity in Colorado. [Id.]. Neither Mr. Rosekrans nor StateBrief.com has ever transacted, advertised or solicited any business in Colorado. [Id.]. Finally, neither Mr. Rosekrans nor StateBrief.com has ever derived any revenue from Colorado. [Id.]. As such, Mr. Rosekrans' complete lack of any contacts with Colorado, let alone systematic contacts, demonstrates that the Court cannot exercise general jurisdiction over Mr. Rosekrans consistent with due process. See Trierweiler, 90 F.3d at 1532-33; OMI Holding, Inc., 149 F.3d. at 1091.

The lone jurisdictional contact on which Plaintiff will likely rely to attempt to persuade the Court to exercise general jurisdiction is Mr. Rosekrans' involvement with the website StateBrief.com. However, under well-settled case law, the exercise of jurisdiction based on the maintenance of this website would offend due process. The Tenth Circuit Court of Appeals utilizes a sliding scale to determine whether general jurisdiction can be exercised over a defendant due to his or her maintenance of a website. Soma Med Int'l, 196 F.3d at 1296 (citing Patriot Sys, Inc., v. Cubed Com., 21 F. Supp. 2d 1318, 1323-24 (D. Utah 1998)). The framework developed for determining whether a website subjects its author to the general personal jurisdiction of a particular forum classifies websites into three categories: (1) business websites through which the site's author "clearly conducts business over the Internet between different fora"; (2) passive websites; and (3) interactive websites. Miller v. Kelly, 2010 WL 4684029, at

10

*3 (D. Colo Nov. 12, 2010) (quoting SCC Commc'ns. Corp. v. Anderson, 195 F.Supp.2d 1257, 1260 (D. Colo. 2002) and citing Soma Med. Int'l, 196 F.3d at 1296).

A website falls within the first category if its author uses it to "enter into contracts with residents of foreign jurisdictions that involve the knowing and repeated transmission of computer files over the Internet." Miller. 2010 WL 4684029, at *3 (quoting Soma Med. Int'l, 196 F.3d at 1296). "An interactive website is one where a user can exchange information with the host computer." Miller. 2010 WL 4684029, at *3 (quoting Soma Med. Int'l, 196 F.3d at 1296). "A passive website is one where the site's author has merely posted information that is accessible to a user in a different forum." Miller. 2010 WL 4684029, at *3 (quoting SCC Commc'ns., 195 F.Supp.2d at 1260).

It is well settled that a defendant's authorship of a passive website does not by itself subject him to a forum's general personal jurisdiction. Miller, 2010 WL 4684029, at *3. Thus, personal jurisdiction is not established "when the Internet use involves [a] passive Web site that does little more than make information available to those who are interested in it." Soma Med. Int'l., 196 F.3d at 1297; see also Sea-Alis, LLC v. Porter, Inc., 2011 WL 318699 (D. Colo. Jan. 28, 2011) (denying motion for default judgment where, in relying on defendant's passive website by which defendant allegedly solicited business to the entire world including Colorado residents, plaintiff failed to establish *prima facie* showing of minimum contacts); Sharpshooter Spectrum Venture, LLC, v. Consentino, 2009 WL 4884281 (D. Colo.) (New York defendant improperly called to suit in Colorado where defendant's website had a mere passive presence even though it advertised defendant's services to the public).

As set forth in Mr. Rosekrans' Declaration, Mr. Rosekrans involvement with the passive website StateBrief.com is wholly insufficient to confer general jurisdiction over them.[5] The website StateBrief.com does not transact any business. [Id., at ¶¶ 2, 9]. It is thus not a business website. Users of the StateBrief.com website also do not interact with or exchange information with the site in the process of viewing stories like the one at issue in this lawsuit. [Id., at ¶ 2]. However, readers to the site are allowed to post comments to stories that have been published. It is thus, for jurisdictional purposes, a prototypical passive website. Accordingly, Mr. Rosekrans' maintenance of the website StateBrief.com cannot constitutionally subject him to the general jurisdiction of this Court. Indeed, a holding to the contrary would be a dangerous precedent and, in the Internet era, would arguably render most businesses and/or website operators subject to nationwide jurisdiction. See, generally, Jennings v. AC Hydraulic A/S, 383 F.3d 546, 550 (7th Cir. 2004) ("With the omnipresence of the Internet today, it is unusual to find a company that does not maintain at least a passive website. Premising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country."); see also Sportschannel New England Ltd. Ptshp. v. Fancaster, Inc., 2010 WL 3895177 (D. Mass. Oct. 1, 2010) ("In the era of Facebook, where most websites now allow users to 'share' an article, choose to 'like' a particular page, add comments, and e-mail the site owners, the Jennings reasoning may now extend to moderately interactive sites as well. If virtually every website is now interactive in some

---

[5] Notably, Plaintiff has pled no facts in its Complaint purportedly supporting the exercise of general jurisdiction over Mr. Rosekrans based on the involvement with the website StateBrief.com. Notwithstanding Plaintiff's complete failure to lay any purported jurisdictional predicate, Mr. Rosekrans has undertaken to present the facts relevant to the Court's jurisdictional inquiry and to demonstrate why the Court cannot exercise general jurisdiction over him consistent with due process.

measure, it cannot be that every website subjects itself to litigation in any forum-unless Congress dictates otherwise").

### 2. There Is No Basis for the Court to Exercise Specific Jurisdiction

A federal court may only assume specific jurisdiction over a non-resident defendant who "purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Allison v. Wise, 621 F. Supp. 2d 1117, 1119 (D. Colo. 2007); See also Melea, Ltd., v. Jawer SA, 511 F.3d 1060, 1066 (10th Cir. 2007) (quoting Burger King Corp., 471 U.S. at 472-73). The main factor in any specific jurisdiction analysis is foreseeability -- was it reasonably foreseeable to the Defendant that its action(s) could result in litigation in the state in question. Bell Helicopter Textron, Inc., v, Heliquest, Int'l. Ltd., 385 F.3d 1291, 1295-96 (10th Cir. 2004)); see also Allison, 621 F. Supp. 2d at 1120. The Tenth Circuit has determined that in order to gain specific jurisdiction for internet activity, the contacts must be "(a) an intentional action ... that was (b) expressly aimed at the forum state .... with (c) knowledge that the brunt of the injury would be felt in the forum state." Dudnikov v. Chalk Vermillion Fine Arts, Inc., 514 F.3d 1063, 1074-77 (10th Cir. 2008) (quoting Calder v. Jones, 465 U.S. 783, 787-88 (1984)).

Furthermore, an injury allegedly occurring in the forum which arises from alleged copyright infringement is in and of itself insufficient to confer personal jurisdiction. Allison, 621 F. Supp. 2d at 1120. Rather, the Plaintiff "must present 'something more' than the injuries [it] allegedly suffered as a result of the out-of-forum [copyright] infringement." Id. (quoting Regional Airline Mgmt. Systems, Inc. v. Airports USA, Inc., 2007 WL 1059012 at *5 (D. Colo. April 4., 2007) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 804 (9th Cir. 2004))). "That 'something more' is the requirement that the defendant have 'expressly aimed'

13

his activities at the forum state such that the forum is the 'focal point' of the tort and the injury." Id.; see also Dudnikov, 514 F.3d at 1075 n. 9 (noting the more restrictive approach adopted by the Tenth Circuit with respect to the "expressly aimed" requirement, i.e., that the forum state itself must be the focal point of the alleged tort).

Finally, accessibility of a website by residents of the forum state is insufficient to prove that conduct was expressly aimed at the forum state. Sharpshooter, 2009 WL 4884281, at *6; see also Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 420 (9th Cir. 1997) (if "every complaint arising out of alleged … infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located ... [t]hat would not comport with traditional notions of what qualifies as purposeful activity invoking benefits and protections of the forum state"). Rather, there must be "something more to indicate the defendant purposefully directed his activity in a substantial way to the forum state," such as "contracts with parties in the forum state, sales to customers in the forum state, business visits to the forum state, or the number of hits received by a Web site from residents in the forum state." Sharpshooter, 2009 WL 4884281, at *6 (citing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997).

a.   Mr. Rosekrans has not expressly Aimed *Any* Activities at Colorado

This action is completely devoid of any contacts by Mr. Rosekrans which would support the exercise of specific jurisdiction. The image at issue in this matter originated from a Google Images search. [Rosekrans Dec. at ¶7]. Mr. Rosekrans was looking for a photograph to illustrate his recent editorial on TSA policies. He went on to Google Images and found numerous copies

14

of the same photo listed on the first few pages. [Id. at ¶7]. He looked for copyright notification one the one he used and found none. [Id. at ¶7].

The utilized photo contained no watermarks, copyright identification, or any other identifying marks that could possibly tie the image to Denver, CO, Righthaven, the Denver Post or Media News Group, Inc. [Id. at ¶8]. To Mr. Rosekrans' knowledge, the image had no connection with Colorado or Denver as it was not derived from a news site, a commercial site or the Denver Post. [Id. at ¶8]. Nor was it referenced as associated with the Denver Post, Denver, CO, or Righthaven. [Id. at ¶8]. To the best of Mr. Rosekrans' knowledge, he innocently stumbled upon an unattributed copy of the photo on a site apart from the Denver Post. [Id. at ¶8]. In addition, he did not view any other site that contained the photo with an appropriate attribution to the Denver Post or Righthaven. [Id. at ¶8].

Mr. Rosekrans had no knowledge that the photograph was originally published in the Denver Post or that, as Plaintiff alleges, it emanated from Colorado. [Id., at ¶ 8]. In sum, Mr. Rosekrans did not expressly aim or purposefully direct *any* activities into Colorado, and there is no basis for the Court to exercise specific jurisdiction over them.[6]

          b.      Plaintiff's Conclusory Allegations Purportedly Supporting Jurisdiction Should Be Disregarded

In determining whether the plaintiff has made a *prima facie* showing that Mr. Rosekrans is subject to the Court's personal jurisdiction, the "Court [] accept[s] the well-pled allegations[,] namely the plausible, nonconclusory, and nonspeculative facts...[,] but "accords no deference to

---

[6] Mr. Rosekrans limited, passive activities are in contrast to those of some other defendants whom Plaintiff has sued alleging copyright infringement. For example, unlike the defendant in Righthaven LLC v. South Coast Partners, Inc, whom the United States District Court for the District of Nevada found could be haled into a court in Nevada to answer Plaintiff's claims, Mr. Rosekrans did not actually go the website where the allegedly infringing material was posted and then reproduce it to his own website. 2011 WL 534046 (D. Nev. Feb. 8, 2011) (denying motion to dismiss for lack of jurisdiction where defendant posted an authorized copy of the contents of a news article to his website).

15

Plaintiff's conclusory and wholly unsupported allegations." Miller, 2010 WL 4684029, at *3, 4. Id. (citing Ashcroft v. Iqbal, 556 U.S. --, 129 S.Ct. 1937, 1939 (2009); see also Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995) ("only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true"). Plaintiff's Complaint is rampant with thread-bare, conclusory allegations purporting to support jurisdiction:

- Infringement occurred from a source emanating from Colorado. ¶9
- The focal point of the Infringement is Denver, Colorado. ¶ 12.
- At all times relevant to this lawsuit, the Infringement occurred and continues to occur in Colorado. ¶ 18.
- The harm caused by the Infringement, was experienced, at least in part, in Colorado. ¶ 20.

These allegations are among many others each of which is conclusory and wholly unsupported. They should thus all be given no weight in the Court's jurisdictional analysis.

      c.    Even if the Court Does Not Disregard Plaintiff's Conclusory Jurisdictional Allegations, those Allegations Are Insufficient to Support Jurisdiction

Putting aside the pleading deficiencies with Plaintiff's jurisdictional allegations, these conclusory allegations are either untrue or do not support jurisdiction.

Plaintiff alleges that the "Infringement" and alleged harm occurred in Colorado. This allegation is legally incorrect, as "the place of the injury is the place where the [wrong] is committed." See Allison, 621 F.Supp.2d at 1120 (dismissing defendant in copyright infringement action where "it appears that Colorado is neither the place of the alleged tort nor its harm").

Plaintiff also asserts that the photograph at issue was "accessible to persons in Colorado." Complaint, at ¶ 17. However, this completely unsubstantiated allegation, even if given any

16

deference, is wholly insufficient to establish jurisdiction over Mr. Rosekrans. Shrader v. Biddinger, --- F.3d ---, 2011 WL 678386 (10th Cir. Feb. 28, 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state").

In sum, as demonstrated by Mr. Rosekrans' Declaration and by the absence of any allegations supporting jurisdiction over Mr. Rosekrans in Plaintiff's Complaint, Mr. Rosekrans lacks sufficient contacts with Colorado such that the exercise of either general or specific jurisdiction would be proper.[7]

### 3. The Exercise of Jurisdiction Would Not Comport with Fair Play and Substantial Justice

Because sufficient minimum contacts do not exist for this Court to constitutionally exercise jurisdiction over Mr. Rosekrans, the Court need not consider the second element of the due process inquiry. However, to the extent this Honorable Court finds sufficient minimum contacts exist, the Court should still decline to exercise jurisdiction because doing so would not comport with fair play and substantial justice. The factors to be considered in analyzing the second element of the due process inquiry include the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversy, and the shared interest of the states in furthering fundamental social policies. World-Wide Volkswagen, 444 U.S. at 292.

These factors weigh against the exercise of jurisdiction. Neither the Plaintiff nor the state of Colorado has an interest in having this dispute resolved in this forum. The lawsuit is between

---

[7] Plaintiff's lack of contacts with the forum bears noting. Plaintiff is a Nevada limited liability company operating a litigation mill whereby it purportedly accepts assignments in copyrights and then files actions against alleged infringers. Colorado is simply the latest venue where Plaintiff has commenced its business operations.

parties who are not residents of Colorado. Neither party has contacts with Colorado. The lawsuit involves federal copyright law and does not involve rights or obligations under Colorado law. No harm has been suffered, let alone any harm suffered by a Colorado resident. The lone tenuous tie to the forum is that the photograph purportedly giving rise to Plaintiff's claims allegedly originated in Colorado. However, this strained connection does not in any way vest the state of Colorado, the Plaintiff, or the interstate judicial system with an interest in having this dispute resolved in this Court. Finally, as Mr. Rosekrans and all evidence related to Plaintiff's purported claim are located in Arizona, it would be burdensome for the parties to litigate this dispute in Colorado and the case would be most efficiently resolved in an Arizona court. Thus, even if the Court finds minimum contacts exist, the Court should still decline to exercise jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint for lack of personal jurisdiction. While Mr. Rosekrans have meritorious defenses to Plaintiff's purported claims for copyright infringement[8], see, e.g., Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701 (9th Cir. 2007) (Google's use of thumbnail images constitutes a fair use), due process requires that they not be forced to litigate those defenses in a forum in which he has no contacts. Accordingly, Mr. Rosekrans respectfully request that the Court enter an order dismissing this case for lack of jurisdiction, for attorney fees and for such and further relief as this Honorable Court deems just and proper in the matter.

---

[8] On April 22, 2011, the US District Court, District of Nevada, in case 2:10-CV-1322 JCM (LRL), Righthaven, LLC, v. Kayse Jama, and Center for Intercultural Organizing, granted Summary Judgment in favor of Defendants involving a similar fact pattern to that involved here, finding that defendants' use of the copyrighted article in the case constituted fair use as a matter of law. In addition, the Court noted that the article had been removed from its original context; was no longer owned by a newspaper; and it had been assigned to a company that uses the copyright exclusively to file infringement lawsuits. The Plaintiff's litigation strategy has a chilling effect on potential fair uses of Righthaven-owned articles, diminishes public access to the facts contained therein, and does nothing to advance the Copyright Act's purpose of promoting artistic creation.

Respectfully submitted this 6th day of May, 2011.

Respectfully submitted,

CONTIGUGLIA / FAZZONE, P.C.

/s/ Andrew J. Contiguglia

_____
ANDREW J. CONTIGUGLIA
Colorado Bar No. 26901
Attorney for Defendants
400 S. Colorado Blvd., Suite 830
Denver, CO 80246
303 780-7333
303 780-7337 Fax
ajc@ajcpc.com

### CERTIFICATE OF SERVICE

Undersigned hereby certifies that a true and accurate copy of the foregoing BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was sent via first class mail, and through the PACER EFS system on this 6th day of May 2011 to the following interested parties:

| | |
|---|---|
| Shawn A. Mangano, Esq. | Steven G. Ganim, Esq. |
| Shawn A. Mangano, Ltd. | RIGHTHAVEN, LLC |
| 9960 West Cheyenne Ave., Suite 170 | 9960 West Cheyenne Ave., Suite 170 |
| Las Vegas, NV 89129-7701 | Las Vegas, NV 89129-7701 |

/s/ Andrew J. Contiguglia
_____